IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAMELA J. BERGMANN,                :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :   Civ. Action No. 07-564-***
                                   :
DELORES J. BAYLOR WOMEN'S          :
CORRECTIONAL INSTITUTION and       :
MS. RICHIE,                        :
                                   :
        Defendants.                :

---

Pamela J. Bergmann, Pro se Plaintiff, Millsboro, Delaware.

---

MEMORANDUM OPINION

November 16, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Pamela J. Bergmann, a former inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. She appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the Court will dismiss without prejudice the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend her Complaint.

## I. BACKGROUND

Plaintiff was housed at the BWCI prior to her release. She alleges that while housed there, Defendants were deliberately indifferent to her medical needs in violation of the Eighth Amendment. (D.I. 1.) More specifically, she alleges that the medical department at BWCI did not provide her medical treatment for two days, even though she had a broken hand. She also alleges that Defendant Ms. Richie ("Richie") ignored the "medical notice" and kept Plaintiff from receiving her medications for two days.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a

-1-

prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> (citations omitted). Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

Plaintiff names as a defendant the BWCI Medical Department. BWCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Dep't of Corr., 749 F.Supp. 572, 579 (D.Del. 1991). Accordingly, BWCI Medical Department is entitled to immunity under the Eleventh Amendment and the Court will dismiss it as a Defendant.

### B. Medical Needs

Plaintiff alleges she was not provided timely medical care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Additionally, a civil rights complaint must state the conduct, time, place, and persons

responsible for the alleged civil rights violations. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980); <u>Hall v. Pennsylvania State Police</u>, 570 F.2d 86, 89 (3d Cir. 1978)). Further, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The Complaint, as it now stands, is insufficiently plead. Indeed, the Complaint fails to apprise Richie when her alleged actions or inactions took place. Therefore, the claim is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint. An appropriate Order will be entered.